Alford v. Commonwealth.

CASE 79—INDICTMENT—DECEMBER 11.

## Alford v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

AN INDICTMENT FOR MURDER charged that the defendant "willfully, and of his malice aforethought, feloniously did kill and murder one Frank Wheeler, by cutting and wounding the said Frank Wheeler with a knife, a sharp-edged instrument and deadly weapon," and then added, "from which said cutting and wounding the said ——— did then and there die." *Held*—That the indictment was sufficient without the words last quoted; but if not, it is conclusive from the preceding part of the indictment that "said ———," refers to no one but Frank Wheeler.

W. R. KINNEY FOR APPELLANT.

1. Appellant was entitled to the peremptory instruction asked.
2. The indictment is insufficient in that it does not allege the name of the person murdered. It is essential under the Code, as it was under the old system of pleading, to allege in the indictment every fact necessary to constitute guilt.
3. As the defendant could admit the facts alleged, and yet make proof that

Wheeler did not die of the wound inflicted by defendant, the indictment is not good when tested by the rule laid down in Kaelin v. Commonwealth, 8 Ky. Law Rep., 295.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was tried in the Jefferson Circuit Court for the murder of Frank Wheeler, and was convicted of manslaughter and his punishment fixed at confinement in the State penitentiary for the term of six years. The circuit court having overruled his motion for a new trial, he has appealed to this court. The only ground seriously urged by his counsel for a reversal is, that the indictment under which he was tried and convicted is insufficient.

The indictment in plain, concise, direct and certain terms "accuses William Alford of the crime of willful murder, committed in manner and form as follows, to-wit: The said William Alford, in the county of Jefferson, 28th day of March, 1880, willfully, and of his malice aforethought, feloniously did kill and murder one Frank Wheeler, by cutting and wounding the said Frank Wheeler with a knife, a sharp-edged instrument and deadly weapon," and then adds "from which said cutting and wounding the said —— —— did then and there die."

The objection to the sufficiency of the indictment consists in the fact that the name of the person immediately after the word "said," in the last line above quoted, was left blank.

The language of the indictment, commencing with the words "from which" and ending with the word "die" may be stricken out, and then the indictment is suffi

cient, because it charges that the appellant, on the 28th day of March, 1880, did feloniously, willfully and with malice aforethought, kill and murder Frank Wheeler, by cutting and wounding him with a knife, a sharp-edged instrument, and a deadly weapon.

Besides, it is conclusive that no one but Frank Wheeler could have been referred to in the blank. He was the only person mentioned in the preceding part of the indictment as having been cut, wounded and killed by the appellant, and the word said ———— could refer to no person except him.

The evidence shows that appellant and Frank Wheeler, and a companion of Frank Wheeler, had some difficulty on the night of the killing in a saloon, and that Wheeler and his companion were in the wrong; that appellant and Wheeler agreed to go out on the street and fight. They did go, and Wheeler's companion accompanied them. In a very short time after they went out Wheeler's throat was cut, from which he died immediately, and the appellant was cut in the face. One witness says that he was standing near by when the fight occurred, and that he saw one of the men put his arm around the neck of the other and strike, and instantly the blood spurted from the person struck. This witness was contradicted in some particulars by another witness. But the fact, nevertheless, exists, that appellant and Wheeler went out on the street to fight, and immediately after getting on the street Wheeler's throat was cut, and appellant was cut in the face. It is certain that either appellant or Wheeler's companion killed him. The jury believed that it was appellant. We are of the opinion that the conclusion of the jury was right.

.The lower court did right in refusing to instruct the jury to find for the appellant.

The court's instructions given to the jury are clearly correct.

The judgment is affirmed.